IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISRAEL ORTIZ, § | | |
|     Petitioner § | | |
| § | | |
| VS. § | | C.A. NO. C-11-116 |
| § | | |
| RICK THALER, § | | |
| Director, Texas Department of Criminal § | | |
| Justice–Correctional Institutions Division § | | |
|     Respondent § | | |

**OPINION AND ORDER FOR PETITIONER TO SHOW CAUSE
WHY PETITION SHOULD NOT BE DISMISSED
AND FOR RESPONDENT TO PRODUCE EVIDENCE**

Pending is respondent's motion for summary judgment (D.E. 9) to which petitioner did not respond. Respondent did not address the merits of petitioner's habeas corpus claim, but argues that his application is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on August 18, 2008 and so is subject to the AEDPA provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's cause of action accrued on January 25, 2010, the date the disciplinary hearing was held and the punishment imposed.  Kimbrell v. Cockrell, 311 F.3d 361, 363-364 (5th Cir. 2002).  Petitioner had one year from that date, or until January 25, 2011, to file his cause of action in federal court.  28 U.S.C. § 2244(d)(1)(D).  A timely filed prison grievance procedure tolls the one-year limitations period.  Kimbrell, 311 F.3d at 364.  Petitioner's Step 1 grievance was pending from February 4, 2010 through March 3, 2010, a period of 28 days, and his Step 2 grievance was pending from March 23, 2010 through April 13, 2010, a period of 22 days.  Altogether, petitioner's grievances were pending for 50 days.  Adding 50 days to the January 25, 2011 deadline extended it to March 18, 2011.

It is unclear from the record when petitioner filed his habeas application. Petitioner stated under penalty of perjury that he placed the petition in the prison mail system on March 4, 2011, which was before the deadline (D.E. 1, p. 9).  However, he included a cover letter with his petition which was dated March 30, 2011, which was after the deadline (D.E. 1-1, p. 1).  The petition was not received by the clerk's office until April 11, 2011 (File stamps, D.E. 1, p. 1 and D.E. 1-1).

"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999)(citing Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998)).  Respondent asserts that petitioner must not have given his petition to prison officials on March 4, 2011 because there is no record of it on the out-going legal mail log from the prison and because it did not arrive at the district clerk's office until April 11, 2011.  Respondent argues that petitioner must have given the documents to someone outside the prison for mailing, in which case the mailbox rule would not apply.  See Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994)(prisoner's use of an unknown agent to file habeas appeal does not trigger mailbox rule).  In addition, there is the question of why petitioner included a cover letter dated March 30, 2011 if he mailed the documents on March 4, 2011.

The evidence submitted by respondent regarding the out-going mail log is insufficient to support his argument that petitioner must not have handed the petition to

prison officials for mailing. Respondent submitted an affidavit from David Diaz, who stated the following:

> I am employed as Mailroom Supervisor at the McConnell Unit of the Texas Department of Criminal Justice ("TDCJ"), located in Beeville, Texas, and do hereby certify that I am the custodian of records maintained in the regular course of business on each and every offender incarcerated at the McConnell Unit.
>
> I have reviewed the request for records regarding Ortiz, Israel, #769898, cause # C-11-116 and hereby certify that after a thorough search of the records of the McConnell Unit of the TDCJ, we find no records that meet the following description: outgoing mail logs from 03/04/11 thru 04/11/11.

(Aff. of David Diaz, Ex. D to Mot. for Sum. Jmt., D.E. 9-4).

First, the statement is nonsensical and the only fact it proves is that Diaz could not find the mail logs for the relevant period. Second, the mail logs themselves were not submitted as part of the summary judgment evidence and even if they had been submitted, they were not properly authenticated. Generally, to prove the content of a writing, the original writing or a duplicate is required and the document must be properly authenticated. FED. R. EVID. 901, 902, 1002 and 1003. See also United States v. Marshall, 762 F.2d 419, 428 (5th Cir. 1985)(reversible error occurred when non-expert witness gave prejudicial hearsay testimony as to the contents of documents that were not themselves introduced into evidence, which documents, moreover, could not have been introduced without proper authentication) and United States v. Salinas Garza, 262 F.3d 455, 461-462 (5th Cir. 2001)(business records exception to hearsay rules did not extend to witness testimony about drug ledgers that were not admitted into evidence because they had been destroyed).

Without the mail logs, respondent has no evidence other than the cover letter dated March 30, 2011 to support his allegation that petitioner did not place the petition in the prison mail system on March 4, 2011. The fact that the petition was not received in the clerk's office until April 11, 2011 is not dispositive of the issue because the point of the "mailbox rule" is that a petitioner has no control over what happens to a petition after he hands it to prison officials. Spotville, 149 F.3d at 376-377. Nor is there any support for respondent's argument that petitioner must have given his petition to someone else for filing because the envelope in which petitioner sent the petition lists his name and the McConnell Unit as the return address (D.E. 1-1). The only evidence in the record regarding the date of mailing is petitioner's declaration under penalty of perjury that he placed it in the prison mail system on March 4, 2011.

At this point, the evidence in the record is insufficient to provide a basis on which to recommend that summary judgment be either granted or denied. Accordingly it is ORDERED that if petitioner wishes to maintain his cause of action, he must submit a declaration, under penalty of perjury, explaining why, if he placed his petition in the prison mail system on March 4, 2011, he included a cover letter to the clerk's office dated March 30, 2011. Petitioner must submit the statement, with a copy to respondent, on or before September 26, 2011. If petitioner does not file a declaration, it will be taken to mean that he does not wish to further pursue his cause of action.

If petitioner files a statement regarding the timeliness of his petition, respondent is ORDERED, withing 14 days of his receipt of the statement, to submit any additional evidence he has, in properly authenticated and verified form.[1]

ORDERED this 12th day of September, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact. FED. R. CIV. P. 56(e).